**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| RYAN TURIZO, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| SYMPLE LENDING LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Ryan Turizo ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Symple Lending LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief through the investigation of Plaintiff's counsel as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Federal Communications Commission's implementing regulations.

2.      Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023).

3.      As alleged herein, Defendant violated the TCPA by transmitting unsolicited text messages to telephone numbers registered on the National Do Not Call ("DNC") Registry, without prior express consent.

4. Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA. Plaintiff also seeks an award of statutory damages to Plaintiff and the Class (defined below).

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed the unlawful text messages at issue to Plaintiff's cellular telephone, and Plaintiff received such messages while residing, and physically present, in Florida.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this suit occurred in this District.

## PARTIES

8. Plaintiff is a natural person and, at all relevant times, was a resident of Broward County, Florida.

9. Defendant is a Wyoming Limited Liability Company with its principal place of business in Newport Beach, California.

## FACTUAL ALLEGATIONS

10. At all relevant times, Plaintiff was the subscriber of a cellular telephone number ending in 7820.

11. Plaintiff's number has been registered on the National DNC Registry since February 8, 2019.

12. Defendant purports to be a financial services company for consumers.

13.     To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing to send text messages solicitations to consumers, without their prior express written consent, including to consumers whose phone numbers are registered on the national DNC registry.

14.     Beginning around July 11, 2024, Defendant, or its agents or other third parties directed and/or controlled by Defendant, or otherwise acting on Defendant's behalf, began bombarding Plaintiff with unsolicited text messages, as shown below.



**Left screen:**

11:54

Maybe: Monica >

Text Message
Thursday 12:31 PM

Hi Blake, this is Monica from Symple Lending. We recently sent you a few offers for a $25,000 personal loan. It appears you have not responded. Not sure where to go from here. Are you interested in discussing your offer with one of our experts?

Here's your personal access code: 130AOX002409

Simply reply 'YES' when you're available for a call, and we'll get in touch with you.
Txt 'Remove' if you are not interested.

12:31 PM

Friday 1:54 PM

Hi Blake, Monica checking back with Symple Lending. Please let me know when you want to chat about your personal loan. And you can always text "Remove" to cancel.

1:54 PM

Saturday 11:03 AM

You can always call this number anytime you are ready to speak with one of our loan specialists at Symple Lending or text "Remove" if you are not interested.

11:03 AM

Today 11:23 AM

Text Message

**Right screen:**

11:54

Maybe: Monica >

one of our experts?

Here's your personal access code: 130AOX002409

Simply reply 'YES' when you're available for a call, and we'll get in touch with you.
Txt 'Remove' if you are not interested.

12:31 PM

Friday 1:54 PM

Hi Blake, Monica checking back with Symple Lending. Please let me know when you want to chat about your personal loan. And you can always text "Remove" to cancel.

1:54 PM

Saturday 11:03 AM

You can always call this number anytime you are ready to speak with one of our loan specialists at Symple Lending or text "Remove" if you are not interested.

11:03 AM

Today 11:23 AM

Hey Blake, Monica again. Do you still need help reviewing your financing options? We can get you funded in as little as 48 hours.

11:23 AM

The sender is not in your contact list.
**Report Junk**

Text Message

4



15.    As shown above, Defendant sent text messages to Plaintiff on July 11, 2024, July 12, 2024, July 13, 2024, July 15, 2024, and July 17, 2024.

16.    Defendant's text messages stated that they were sent from "Monica from Symple Lending."

17.    Defendant's text messages were transmitted from 754-254-2062, which is a phone number that is owned and/or controlled by Defendant.

18.     Defendant's text messages introduce an advertisement and constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

19.     Plaintiff has no existing business relationship with Defendant.

20.     Plaintiff never provided Defendant with prior express written consent, or any consent, to receive the text messages at issue.

21.     Defendant's unlawful text messages caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Class:

> **All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received two or more text messages in any 12-month period, (2) from or on behalf of Defendant, (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) after their telephone number had been listed on the National Do Not Call Registry for at least thirty days.**

23.     Plaintiff reserves the right to expand or narrow the definition of the Class following discovery.

24.     Excluded from the Class is Defendant and its employees and agents.

25.     *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to

objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

26. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

    a. Whether Defendant sent text messages to Plaintiff and the Class while their telephone numbers were registered on the national DNC registry;

    b. Whether Defendant's text messages introduced an advertisement;

    c. Whether Defendant's text messages constitute "telephone solicitations" under the TCPA;

    d. Whether Defendant can meet its burden of showing that it had prior express written consent to send text messages to Plaintiff and the Class;

    e. Whether Defendant acted knowingly or willfully;

    f. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

    g. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

28. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

29. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

**CAUSES OF ACTION**

**COUNT 1**

**Violation of the TCPA,**
**47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Class)**

31. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

32.     The TCPA establishes a national DNC registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014.

33.     The FCC's implementing regulation under the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

34.     A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of…property, goods, or services, which his transmitted to any person," but excludes a call or message "to any person with that person's prior express invitation or permission" and "to any person with whom the caller has an established business relationship." 47 C.F.R. § 64.1200(f)(15).

35.     A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]," which includes Section 64.1200(c). 47 U.S.C. § 227(c).

36.     Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to Plaintiff and the members of the Class while their respective telephone numbers were registered on the National DNC Registry.

37.     Plaintiff and the Class members are each entitled to an award of statutory damages of $500.00 for each violation of the TCPA. *See* 47 U.S.C. § 227(c)(5)(B).

38. Because Defendant knew or should have known that it was contacting numbers on the National DNC Registry without consent, Defendant's violations of the TCPA were willful or knowing.

39. Plaintiff and the Class members are each entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* 47 U.S.C. § 227(c)(5)(C).

40. Plaintiff and the Class members are also entitled to an injunction against Defendant's ongoing and future violations of law. *See* 47 U.S.C. § 227(c)(5)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and the Class of their attorneys' fees and the costs of this action;

E. An injunction against Defendant's continuing and future violations of law; and

F. Such further and other relief as the Court deems just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 18, 2024

Respectfully submitted,

/s/ Chris Gold
Chris Gold
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Class*